**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIE CLAY, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -*vs*- | ) | Case No. 19-cv-2412 |
| | ) | |
| THOMAS DART, Sheriff of Cook County, | ) | Judge Andrea Wood |
| and COOK COUNTY, ILLINOIS, | ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT COOK COUNTY'S RESPONSE TO PLAINTIFF'S
REQUEST TO PRODUCE DATED FEBRUARY 19, 2020**

Defendant, COOK COUNTY, ILLINOIS, by its attorney KIMBERLY M. FOXX, State's

Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL,

LTD., responds to Plaintiff's Request to Produce Dated February 19, 2019, as follows:

1.      From February 19, 2018 to the present, all health service request forms seeking

dental care from inmates assigned to the Division 6 dental clinic. On information and belief, this

information may be maintained electronically.

**RESPONSE: Defendant objects to this request as vague, overbroad, unduly burdensome,
not sufficiently limited in time and/or scope, not proportional to the needs of the case, and
seeks information that is not relevant. Defendant further objects to the extent this request
seeks the disclosure of protected patient health information in violation of HIPAA.**

2.      From February 19, 2018 to the present, all grievances from inmates assigned to

Division 6 pertaining to dental care. Plaintiff requests defendants to produce the electronic data

identifying each grievance.

**RESPONSE: Defendant objects to this request as vague, overbroad, unduly burdensome,
not sufficiently limited in time and/or scope, not proportional to the needs of the case, and
seeks information that is not relevant. Defendant further objects to the extent this request
seeks the disclosure of protected patient health information in violation of HIPAA.**

Exhibit 2 Page 1

**Furthermore, this request seeks information not in this Defendant's possession, custody, or control.**

3.      From February 19, 2018 to the present the log maintained by the correctional officer assigned to the Division 6 dental clinic.

**RESPONSE: Defendant objects to this request as vague, overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant. Defendant further objects to the extent this request seeks the disclosure of protected patient health information in violation of HIPAA. Furthermore, this request seeks information not in this Defendant's possession, custody, or control.**

4.      From February 19, 2018 to the present, the schedule of inmates assigned to be treated in the Division 6 dental clinic. On information and belief this material may be obtained in Cerner and Dentrix. This information also may be e-mailed daily to the correctional and dental staff.

**RESPONSE: Defendant objects to this request as vague, overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant. Defendant further objects to the extent this request seeks the disclosure of protected patient health information in violation of HIPAA.**

5.      From February 19, 2018 to the present, all work orders relating to equipment in the Division 6 dental clinic. This request includes, but is not limited to, information pertaining to requests to repair the suction machine.

**RESPONSE: Defendant objects to this request as vague, overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant. Notwithstanding and without waiving said objections, see Clay-County 002455-002460 for information responsive to this request.**

6.      From February 19, 2018 to the present, all logs maintained by the Division 6 dental clinic pertaining to treating patients. On information and belief these logs may have been maintained by the dental assistant and may contain information about patients who need extractions, fillings, and cleaning.

Exhibit 2 Page 2

**RESPONSE:** **Defendant objects to this request as overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant. Defendant further objects to the extent this request seeks the disclosure of protected patient health information in violation of HIPAA. Notwithstanding and without waiving said objections, no such logs exist.**

      7.     From January 1, 2018 to the present, the performance reviews for Bessie Roddy.

**RESPONSE:** **Defendant objects to this request as overbroad, unduly burdensome, not sufficiently limited in time and/or scope, and seeks information that is not relevant.**

      8.     From February 19, 2018 to the present, the following e-mails (including attachments) maintained in Bessie Roddy's e-mail account responsive to the following search terms:

          a. "grievance";

          b. "suction";

          c. "work order";

          d. "urgent";

          e. "Division 5";

          f. "Div 5";

          g. "wait list";

          h. "list" ; or

          i. "extraction"

**RESPONSE:** **Defendant objects to this request as grossly overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant. Defendant also objects to the extent these search terms are duplicative of search terms previously requested. Defendant further objects to the extent this request seeks the disclosure of protected patient health information in violation of HIPAA.**

Exhibit 2 Page 3

9.      From February 19, 2018 to the present, the following e-mails (including attachments) maintained in Dr. Brenda Taylor's e-mail account responsive to the following search terms:

        a. "Division 6"; or

        b. "Div 6."

**<u>RESPONSE:</u> Defendant objects to this request as grossly overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant. Defendant also objects to the extent these search terms are duplicative of search terms previously requested. Defendant further objects to the extent this request seeks the disclosure of protected patient health information in violation of HIPAA.**

10.      From February 19, 2018 to the present, the following e-mails (including attachments) maintained in Dr. Rhay Street's e-mail account responsive to the following search terms:

        a. "Division 6"; or

        b. "Div 6"

**<u>RESPONSE:</u> Defendant objects to this request as grossly overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant. Defendant also objects to the extent these search terms are duplicative of search terms previously requested. Defendant further objects to the extent this request seeks the disclosure of protected patient health information in violation of HIPAA.**

11.      From February 19, 2018 to the present, the following e-mails (including attachments) maintained in Dr. Jorelle Alexander's e-mail account responsive to the following search terms:

        a. "Division 6";

        b. "Div 6";

        c. "standard of care";

Exhibit 2 Page 4

d. "Parker"; or

e. "Parker" and "terminate"

**RESPONSE: Defendant objects to this request as grossly overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant. Defendant also objects to the extent these search terms are duplicative of search terms previously requested. Defendant further objects to the extent this request seeks the disclosure of protected patient health information in violation of HIPAA.**

12.   From February 19, 2018 to the present, the following e-mails (including attachments) maintained in Dr. Kahina Caldwell's e-mail account responsive to the following search terms:

a. "Division 6";

b. "Div 6";

c. "terminate";

d. "standard of care"; or

e. "Parker";

**RESPONSE: Defendant objects to this request as grossly overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant. Defendant also objects to the extent these search terms are duplicative of search terms previously requested. Defendant further objects to the extent this request seeks the disclosure of protected patient health information in violation of HIPAA.**

13.   From January 1, 2019 to the present, the following e-mails (including attachments) maintained in Dr. Maura Parker's Cook County e-mail account responsive to the following search terms:

a. "grievance"

b. "suction"

Exhibit 2 Page 5

    c. "standard of care";

    d. "wait list" or

    e. "Schedule"

**RESPONSE: Defendant objects to this request as grossly overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant. Defendant also objects to the extent these search terms are duplicative of search terms previously requested. Defendant further objects to the extent this request seeks the disclosure of protected patient health information in violation of HIPAA.**

14.    All documents relating to the termination of Dr. Maura Parker as a Cook County employee. This request includes, but is not limited to, the e-mail (or letter) sent by Dr. Maura Parker to Cook County HR regarding her termination. Also please produce all documents explaining Dr. Parker is on a no hire list.

**RESPONSE: Defendant objects to this request as vague, grossly overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant.**

15.    From February 19, 2018 to the present, the electronic list, with personal identifying information, of all inmates with an "HSRF- Urgent" dental appointment assigned to Division 6.

**RESPONSE: Defendant objects to this request as vague, overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant. Defendant further objects to the extent this request seeks the disclosure of protected patient health information in violation of HIPAA.**

16.    From February 19, 2018 to the present, the "productivity" e-mail to the Division 6 dentist. On information and belief, this e-mail is sent to the dentist quarterly.

**RESPONSE: Defendant objects to this request as vague, overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant.**

Exhibit 2 Page 6

17.     From February 19, 2018 to the present all reports showing the length of time an inmate in Division 6 waits to be evaluated by the dentist with a "HSRF-Urgent" dental appointment. On information and belief this report may be generated using Dentrix.

**RESPONSE: Defendant objects to this request as vague, overbroad, unduly burdensome, not sufficiently limited in time and/or scope, not proportional to the needs of the case, and seeks information that is not relevant. Defendant further objects to the extent this request seeks the disclosure of protected patient health information in violation of HIPAA.**

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

Dated: May 5, 2020

/s/ *Samuel D. Branum*
Special Assistant State's Attorney

Brian P. Gainer (gainerb@jbltd.com)
Monica Burkoth (burkothm@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Jack E. Bentley (bentleyj@jbltd.com)
Zachary A. Pestine (pestinez@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770

Exhibit 2 Page 7

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on **May 5, 2020**, the foregoing document was served upon Plaintiff via electronic mail to the below named individuals:

Patrick William Morrissey
Thomas Gerald Morrissey
Thomas G. Morrissey, Ltd.
10150 South Western Ave.
Suite Rear
Chicago, IL 60643
(773) 233-7900
Email: patrickmorrissey1920@gmail.com
Email: tgmorrisseylaw@gmail.com

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

/s/ *Samuel D. Branum*
Special Assistant State's Attorney

Exhibit 2 Page 8