IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS WHITNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18 C 4475 |
| | ) | |
| FAUZIA KHAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

The status hearing set for this morning is vacated. The Court rules as follows on plaintiff's motion to compel defendants Dr. Fauzia Khan and Cook County to produce discovery.

1. Plaintiff's request for union grievances filed by Dr. Khan is relevant and proportional to the extent it seeks grievances regarding dental personnel but is otherwise overly broad. The Court disagrees with defendants' suggestion that only grievances regarding personnel at the RTU dental clinic are potentially relevant; grievances regarding other dental services personnel within the jail are likely relevant if, for nothing else, comparative purposes.

2-3. Plaintiff's request for all e-mails between Dr. Khan and Dr. Alexander from 1/1/2017 to the present is overly broad as well as unduly burdensome given that the information is all electronically stored. Plaintiff's apparent attempt to limit the request to e-mails concerning productivity at the RTU dental clinic is a decent first step (the separate proposed narrower request for all e-mails pertaining to the operation of the clinic is overly broad), but it does not provide a reasonable or practical means for

Exhibit 4 Page 1

defendants to identify and produce responsive documents.  Defendants' proposal—already made directly to plaintiff some time ago—to develop search terms is a reasonable means to narrow down the universe to likely relevant material.  Plaintiff's counsel is directed to confer with defendants' counsel in this regard, and both sides are to negotiate in good faith to agree on a set of search terms that will be used to search for relevant e-mails between Dr. Khan and Dr. Alexander.

       4.       Plaintiff's request for all communications between Dr. Alexander, Dr. Mennella, and Linda Follenweider pertaining to health service request forms, their processing, and the scheduling of appointments with dental assistants following receipt of a form is a reasonable request.  But as with the requests just discussed, plaintiff has not offered a reasonable means to narrow the universe of relevant material, all of which is likely to be electronically stored information.  The Court disagrees with defendants' contention that the request should be limited to the period from 1/1/2017 to the present, but as with items 2-3 above, if plaintiff wants this material, his counsel is going to have to negotiate reasonable search terms with defendants' counsel to narrow the universe to likely relevant material.  Both sides are directed to negotiate in good faith.

       5.       Plaintiff's request, as narrowed in his counsel's November 26, 2018 letter, for health service request forms from inmates assigned to be treated in the RTU dental clinic is relevant, proportional, and not unduly burdensome.  Defendants must produce documents responsive to the request as so modified.

       6.       The last dispute involves plaintiff's request for electronic records reflecting the dates when RTU dental assistants reviewed health service request forms from inmates in the RTU, Cermak, Division 4, and Division 5 and then scheduled

appointments for the RTU dental clinic. Defendants argue that compiling this for all members of the putative class would be unduly burdensome. The Court proposes, as an interim measure, a form of sampling—in other words, production of this material for either a modest subset of the putative class members, or for a small number of randomly-selected months within the class period, or some other reasonable method of sampling in light of the manner in which the records are kept.

## Conclusion

The Court rules on the motion to compel as set forth above. Because some of the rulings do not finally dispose of the parties' disputes, the motion is entered and continued to a status hearing set for February 11, 2019 at 9:30 a.m. A joint status report regarding the matters set forth in this order is to be filed by February 7, 2019.

Date: January 25, 2019

```
                              _____
                              MATTHEW F. KENNELLY
                              United States District Judge
```