**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIE CLAY, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -*vs*- | ) | Case No. 19-cv-2412 |
| | ) | |
| THOMAS DART, Sheriff of Cook County, | ) | Judge Andrea Wood |
| and COOK COUNTY, ILLINOIS, | ) | Magistrate Judge Sheila Finnegan |
| | ) | |
| *Defendants.* | ) | |

<u>**DEFENDANT COOK COUNTY'S RESPONSE TO PLAINTIFF'S**</u>
<u>**REQUEST TO PRODUCE DATED FEBRUARY 16, 2021**</u>

Defendant, COOK COUNTY, ILLINOIS, by its attorney KIMBERLY M. FOXX, State's

Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL,

LTD., responds to Plaintiff's request to produce dated February 16, 2021, as follows:

1.     For the period January 1, 2016 to the present, all Business Case Reports submitted

by the Department of Oral Health pertaining to any dental clinic at Cermak Health Services.

**<u>RESPONSE:</u> Defendant objects that this request to produce exceeds the scope of
discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the
discovery be relevant to the party's claim. Plaintiff alleges in his second amended complaint
that Defendants Cook County and Sheriff Dart violated his constitutional rights by not
providing timely dental care. (2nd Am. Compl. ¶¶ 16, 21.) Specifically, Plaintiff alleges he
did not receive timely dental care "because there are insufficient dentists to treat the demand
and because of the policy to delegate scheduling responsibility to the dental assistant." (*Id.*
¶ 22.) The "Business Case Reports" Plaintiff seeks in this request to produce involve
equipment. However, there are no allegations in the second amended complaint that relate
in any way to equipment in the dental clinics. Furthermore, Plaintiff's allegations in the
second amended complaint involve the Division 6 dental clinic. (*Id.* ¶¶ 7–13.) This request,
however, seeks the "Business Case Reports" that pertain to "any dental clinic" at Cermak
Health Services. For all these reasons, the requested discovery has no relevancy to the claims
in this case, and as such, this discovery request exceeds the scope of discovery permitted
under Rule 26(b)(1). *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*,
No. 15 C 10340, 2018 WL 946396, at \*3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of
any discovery request is that the information be relevant. . . . While the federal discovery**

Exhibit 7 Page 1

rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects that this request to produce "all Business Case Reports" pertaining to "any dental clinic" from "January 1, 2016 to the present" is overbroad and not sufficiently limited in scope or time because the claims in this case involve Plaintiff's treatment in the Division 6 dental clinic during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The "Business Case Reports" Plaintiff seeks in this request to produce involve equipment, and as such, they have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant documents. In addition, the burden and expense of producing the irrelevant documents outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

2. For the period January 1, 2015 to April 1, 2019, all capital equipment request forms pertaining to the lease and/or purchase of digital x-ray units on behalf of the department of oral health at Cermak Health Services.

**RESPONSE:** Defendant objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. Plaintiff alleges in his second amended complaint that Defendants Cook County and Sheriff Dart violated his constitutional rights by not providing timely dental care. (2nd Am. Compl. ¶¶ 16, 21.) Specifically, Plaintiff alleges he did not receive timely dental care "because there are insufficient dentists to treat the demand and because of the policy to delegate scheduling responsibility to the dental assistant." (*Id.* ¶ 22.) The documents Plaintiff seeks in this request to produce, if they exist, involve the leasing and/or purchasing of digital x-ray units on behalf of the department of oral health at Cermak Health Services. However, there are no allegations in the second amended complaint that relate in any way to equipment in the dental clinics. Furthermore, Plaintiff's allegations in the second amended complaint involve the Division 6 dental clinic. (*Id.* ¶¶ 7–13.) This request to produce, however, is not limited to the Division 6 dental clinic. For all these reasons, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g.*,

Exhibit 7 Page 2

*BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at \*3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects that this request to produce "all capital equipment request forms pertaining to the lease and/or purchase of digital x-ray units on behalf of the department of oral health at Cermak Health Services" for the period "January 1, 2015 to April 1, 2019" is overbroad and not sufficiently limited in scope or time because the claims in this case involve Plaintiff's treatment in the Division 6 dental clinic during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The documents Plaintiff seeks in this request to produce, if they exist, involve the leasing and/or purchasing of digital x-ray units on behalf of the department of oral health at Cermak Health Services. As such, they have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant documents. In addition, the burden and expense of producing the irrelevant documents outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

3.    From January 1, 2016 to January 1, 2019, all e-mails and attachments maintained

in Dr. Jorelle Alexander's account responsive to the following terms:

a. "DOJ";

b. "HSRF analysis";

c. "action plan" and "Cermak";

d. "action plan";

e. "process improvement" and "Cermak";

f. "process improvement";

Exhibit 7 Page 3

g. "self" and "assessment";

h. "Monitoring Team";

i. "quality of care" and "grievance";

j. "access to care" and "grievance";

k. "manual log";

l. "evening" and "clinic" and "Cermak";

m. "Saturday" and "clinic" and "Cermak"; or

n. "emerg" and "oral"

When responding to this request, please also produce the electronic information identifying the

number of "hits" in response to each search term.

**RESPONSE: Defendant objects that this request to produce seeks information protected by the work product privilege.** *See* **Fed. R. Civ. P. 26(b)(3)(A). The Department of Justice was involved at the Cook County Jail due to litigation. Documents and emails referencing the Department of Justice, its visits to the Cook County Jail, the Monitoring Team, and any related HSRF analysis were prepared in anticipation of litigation or for trial. Therefore, they are not discoverable pursuant to Rule 26(b)(3)(A).**

**Defendant also objects that this request to produce seeks information protected by the self-critical analysis privilege, which "protect[s] from disclosure documents containing candid and potentially damaging self-criticism."** *Tice v. Am. Airlines, Inc.***, 192 F.R.D. 270, 272 (N.D. Ill. 2000) (citation omitted). This request to produce also seeks information protected by the deliberative process privilege, which protects "the candid communications between government officials."** *Guzman v. City of Chicago***, No. 09 C 7570, 2011 WL 55979, at *3 (N.D. Ill. Jan. 7, 2011).**

**Defendant also objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. The documents and emails Plaintiff seeks in this request to produce involve the Department of Justice, its visits to the Cook County Jail, any related HSRF analysis, and Saturday or evening oral surgery clinics at the Jail. These documents and emails relate in no way to the allegations in the second amended complaint. Furthermore, the number of "hits" in response to each search term, in addition to being protected by the work product privilege and attorney client privilege, has no tendency to make the allegations in the second amended complaint more or less probable. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1).** *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.***, No. 15 C 10340, 2018 WL 946396, at *3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the**

Exhibit 7 Page 4

information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects that this request to produce all emails in Dr. Jorelle Alexander's email account responsive to the specified generic search terms, with no limitation to the Division 6 dental clinic or the claims in this case, renders this request to produce overbroad and not sufficiently limited in scope. Dr. Alexander is the Chair of the Department of Oral Health for Cook County Health, and as such, she oversees multiple dental clinics, many of which serve the general public and are located outside the Cook County Jail. In addition, the request for emails from "January 1, 2016 to January 1, 2019" is not sufficiently limited in time because the claims in this case involve Plaintiff's treatment during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.)

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested documents and emails, which involve the Department of Justice, its visits to the Cook County Jail, any related HSRF analysis, and Saturday or evening oral surgery clinics at the Jail, have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant documents and emails. In addition, the burden and expense of producing the irrelevant documents and emails outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

4.      From January 1, 2016 to the present, all e-mails (including attachments) between Dr. Jorelle Alexander and John Cervone. This request includes the electronic information identifying the number of "hits."

**RESPONSE:** Defendant objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. The documents and emails Plaintiff seeks in this request to produce relate in no way to the allegations in the second amended complaint. Furthermore, the number of "hits" for the emails, in addition to being protected by the work product privilege and attorney client privilege, has no tendency to make the allegations in the second amended complaint more or less probable. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at *3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Exhibit 7 Page 5

**Defendant also objects that this request to produce all emails between Dr. Jorelle Alexander and John Cervone, with no limitation to the Division 6 dental clinic or the claims in this case, renders this request to produce overbroad and not sufficiently limited in scope. Dr. Alexander is the Chair of the Department of Oral Health for Cook County Health, and as such, she oversees multiple dental clinics, many of which serve the general public and are located outside the Cook County Jail. In addition, the request for emails from "January 1, 2016 to the present" is not sufficiently limited in time because the claims in this case involve Plaintiff's treatment during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").**

**Defendant also objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested documents and emails have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant documents and emails. In addition, the burden and expense of producing the irrelevant documents and emails outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.**

5.  If the above identified request is too burdensome, please produce from January 1, 2016 to the present, all e-mail (including attachments) between Dr. Alexander and John Cervone responsive to the following search terms:

   a. "x-ray";

   b. "xray";

   c. "DOJ";

   d. "vacuum";

   e. "chair"; or

   f. "compress"

Exhibit 7 Page 6

When responding to this request, please also produce the electronic information identifying the number of "hits" in response to each search term.

**RESPONSE:** Defendant objects that this request to produce seeks information protected by the work product privilege. *See* Fed. R. Civ. P. 26(b)(3)(A). The Department of Justice was involved at the Cook County Jail due to litigation. Documents and emails referencing the Department of Justice and its visits to the Cook County Jail were prepared in anticipation of litigation or for trial. Therefore, they are not discoverable pursuant to Rule 26(b)(3)(A).

Defendant also objects that this request to produce seeks information protected by the self-critical analysis privilege, which "protect[s] from disclosure documents containing candid and potentially damaging self-criticism." *Tice v. Am. Airlines, Inc.*, 192 F.R.D. 270, 272 (N.D. Ill. 2000) (citation omitted). This request to produce also seeks information protected by the deliberative process privilege, which protects "the candid communications between government officials." *Guzman v. City of Chicago*, No. 09 C 7570, 2011 WL 55979, at *3 (N.D. Ill. Jan. 7, 2011).

Defendant also objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. The documents and emails Plaintiff seeks in this request to produce involve the Department of Justice, its visits to the Cook County Jail, and equipment. These documents and emails relate in no way to the allegations in the second amended complaint. Furthermore, the number of "hits" in response to each search term, in addition to being protected by the work product privilege and attorney client privilege, has no tendency to make the allegations in the second amended complaint more or less probable. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g.*, *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at *3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects that this request to produce all emails between Dr. Alexander and John Cervone responsive to the specified generic search terms, with no limitation to the Division 6 dental clinic or the claims in this case, renders this request to produce overbroad and not sufficiently limited in scope. Dr. Alexander is the Chair of the Department of Oral Health for Cook County Health, and as such, she oversees multiple dental clinics, many of which serve the general public and are located outside the Cook County Jail. In addition, the request for emails from "January 1, 2016 to the present" is not sufficiently limited in time because the claims in this case involve Plaintiff's treatment during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").

Exhibit 7 Page 7

**Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested documents and emails, which involve the Department of Justice, its visits to the Cook County Jail, and equipment, have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant documents and emails. In addition, the burden and expense of producing the irrelevant documents and emails outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.**

6.      From January 1, 2016 to June 1, 2019, e-mails (and attachments) between Dr. Jorelle Alexander and Dr. Claudia Fegan responsive to the following search terms:

a. "Cermak";

b. "Jail";

c. "oral" and "surgery";

d. "oral" and "surgeon";

e. "Cermak" and "trans";

f. "DOJ"

g. "HSRF analysis";

h. "action plan" and "Cermak";

i. "action plan";

j. "process improvement" and "Cermak";

k. "process improvement";

l. "self" and "assessment";

m. "Monitoring Team";

n. "quality of care" and "grievance";

Exhibit 7 Page 8

o. "access to care" and "grievance";

p. "manual log";

q. "evening" and "clinic" and "Cermak";

r. "Saturday" and "clinic" and "Cermak"; or

s. "emerg" and "oral"

When responding to this request, please also produce the electronic information identifying the

number of "hits" in response to each search term.

**RESPONSE: Defendant objects that this request to produce seeks information protected by the work product privilege.** *See* **Fed. R. Civ. P. 26(b)(3)(A). The Department of Justice was involved at the Cook County Jail due to litigation. Documents and emails referencing the Department of Justice, its visits to the Cook County Jail, the Monitoring Team, and any related HSRF analysis were prepared in anticipation of litigation or for trial. Therefore, they are not discoverable pursuant to Rule 26(b)(3)(A).**

**Defendant also objects that this request to produce seeks information protected by the self-critical analysis privilege, which "protect[s] from disclosure documents containing candid and potentially damaging self-criticism."** *Tice v. Am. Airlines, Inc.***, 192 F.R.D. 270, 272 (N.D. Ill. 2000) (citation omitted). This request to produce also seeks information protected by the deliberative process privilege, which protects "the candid communications between government officials."** *Guzman v. City of Chicago***, No. 09 C 7570, 2011 WL 55979, at \*3 (N.D. Ill. Jan. 7, 2011).**

**Defendant also objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. The documents and emails Plaintiff seeks in this request to produce involve the Department of Justice, its visits to the Cook County Jail, the Monitoring Team, any related HSRF analysis, oral surgery, oral surgeons, and Saturday or evening oral surgery clinics at the Jail. These documents and emails relate in no way to the allegations in the second amended complaint. Furthermore, the number of "hits" in response to each search term, in addition to being protected by the work product privilege and attorney client privilege, has no tendency to make the allegations in the second amended complaint more or less probable. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1).** *See, e.g.***,** *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.***, No. 15 C 10340, 2018 WL 946396, at \*3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).**

**Defendant also objects that this request to produce all emails between Dr. Jorelle Alexander and Dr. Claudia Fegan responsive to the specified generic search terms, with no limitation to the Division 6 dental clinic or the claims in this case, renders this request to**

Exhibit 7 Page 9

produce overbroad and not sufficiently limited in scope. Dr. Alexander is the Chair of the Department of Oral Health for Cook County Health, and as such, she oversees multiple dental clinics, many of which serve the general public and are located outside the Cook County Jail. In addition, the request for emails from "January 1, 2016 to June 1, 2019" is not sufficiently limited in time because the claims in this case involve Plaintiff's treatment during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested documents and emails, which involve the Department of Justice, its visits to the Cook County Jail, the Monitoring Team, any related HSRF analysis, oral surgery, oral surgeons, and Saturday or evening oral surgery clinics at the Jail, have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant documents and emails. In addition, the burden and expense of producing the irrelevant documents and emails outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

7.     From January 1, 2016 to June 1, 2019, e-mails (and attachments) between Dr.

Jorelle Alexander and Dr. Connie Mennella responsive to the following search terms:

        a. "oral" and "surgery";

        b. "oral" and "surgeon";

        c. "trans";

        d. "DOJ";

        e. "HSRF analysis";

        f. "action plan";

        g. "process improvement";

        h. "self" and "assessment";

Exhibit 7 Page 10

i. "Monitoring Team";

j. "quality of care" and "grievance";

k. "access to care" and "grievance";

l. "manual log";

m. "evening" and "clinic";

n. "Saturday" and "clinic"; or

o. "emerg" and "oral"

When responding to this request, please also produce the electronic information identifying the number of "hits" in response to each search term.

**RESPONSE: Defendant objects that this request to produce seeks information protected by the work product privilege.** *See* **Fed. R. Civ. P. 26(b)(3)(A). The Department of Justice was involved at the Cook County Jail due to litigation. Documents and emails referencing the Department of Justice, its visits to the Cook County Jail, the Monitoring Team, and any related HSRF analysis were prepared in anticipation of litigation or for trial. Therefore, they are not discoverable pursuant to Rule 26(b)(3)(A).**

**Defendant also objects that this request to produce seeks information protected by the self-critical analysis privilege, which "protect[s] from disclosure documents containing candid and potentially damaging self-criticism."** *Tice v. Am. Airlines, Inc.*, **192 F.R.D. 270, 272 (N.D. Ill. 2000) (citation omitted). This request to produce also seeks information protected by the deliberative process privilege, which protects "the candid communications between government officials."** *Guzman v. City of Chicago*, **No. 09 C 7570, 2011 WL 55979, at \*3 (N.D. Ill. Jan. 7, 2011).**

**Defendant also objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. The documents and emails Plaintiff seeks in this request to produce involve the Department of Justice, its visits to the Cook County Jail, the Monitoring Team, any related HSRF analysis, oral surgery, oral surgeons, and Saturday or evening oral surgery clinics at the Jail. These documents and emails relate in no way to the allegations in the second amended complaint. Furthermore, the number of "hits" in response to each search term, in addition to being protected by the work product privilege and attorney client privilege, has no tendency to make the allegations in the second amended complaint more or less probable. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1).** *See, e.g.*, *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, **No. 15 C 10340, 2018 WL 946396, at \*3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an**

Exhibit 7 Page 11

expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects that this request to produce all emails between Dr. Alexander and Dr. Connie Mennella responsive to the specified generic search terms, with no limitation to the Division 6 dental clinic or the claims in this case, renders this request to produce overbroad and not sufficiently limited in scope. Dr. Alexander is the Chair of the Department of Oral Health for Cook County Health, and as such, she oversees multiple dental clinics, many of which serve the general public and are located outside the Cook County Jail. In addition, the request for emails from "January 1, 2016 to June 1, 2019" is not sufficiently limited in time because the claims in this case involve Plaintiff's treatment during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested documents and emails, which involve the Department of Justice, its visits to the Cook County Jail, the Monitoring Team, any related HSRF analysis, oral surgery, oral surgeons, and Saturday or evening oral surgery clinics at the Jail, have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant documents and emails. In addition, the burden and expense of producing the irrelevant documents and emails outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

8. From January 1, 2016 to August 1, 2018, e-mails (and attachments) between Dr. Alexander and Dr. Esmaeil Porsa. This request includes the electronic information identifying the number of "hits" in response to each search term.

**RESPONSE:** Defendant objects that this request to produce seeks information protected by the work product privilege. *See* Fed. R. Civ. P. 26(b)(3)(A). The Department of Justice and Dr. Esmaeil Porsa were involved at the Cook County Jail due to litigation. Documents and emails between Dr. Alexander and Dr. Esmaeil Porsa were prepared in anticipation of litigation or for trial. Therefore, they are not discoverable pursuant to Rule 26(b)(3)(A).

Defendant also objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. The documents and emails Plaintiff seeks in this request to

Exhibit 7 Page 12

produce relate in no way to the allegations in the second amended complaint. Furthermore, the number of "hits" for the emails, in addition to being protected by the work product privilege and attorney client privilege, has no tendency to make the allegations in the second amended complaint more or less probable. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at *3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects that this request to produce all emails between Dr. Jorelle Alexander and Dr. Esmaeil Porsa, with no limitation to the Division 6 dental clinic or the claims in this case, renders this request to produce overbroad and not sufficiently limited in scope. Dr. Alexander is the Chair of the Department of Oral Health for Cook County Health, and as such, she oversees multiple dental clinics, many of which serve the general public and are located outside the Cook County Jail. In addition, the request for emails from "January 1, 2016 to August 1, 2018" is not sufficiently limited in time because the claims in this case involve Plaintiff's treatment during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.)

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested documents and emails have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant documents and emails. In addition, the burden and expense of producing the irrelevant documents and emails outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

9.     If the above identified request is too burdensome, please produce from January 1, 2016 to August 1, 2018 the e-mails (and attachments) between Dr. Alexander and Dr. Porsa responsive to the following search terms:

a. "oral" and "sur";

b. "trans";

c. "x-ray";

d. "xray";

Exhibit 7 Page 13

e. "HSRF analysis";

f. "action" and "plan";

g. "process" and "improvement";

h. "digital panoramic";

i. "oral surgery" and "referral";

j. "emergent" and "oral";

k. "saturday" and "clinic"; or

l. "evening" and "clinic"

This request includes the electronic information identifying the number of "hits" in response to

each search term.

**RESPONSE:** **Defendant objects that this request to produce seeks information protected by the work product privilege. *See* Fed. R. Civ. P. 26(b)(3)(A). The Department of Justice and Dr. Esmaeil Porsa were involved at the Cook County Jail due to litigation. Documents and emails between Dr. Alexander and Dr. Esmaeil Porsa were prepared in anticipation of litigation or for trial. Therefore, they are not discoverable pursuant to Rule 26(b)(3)(A).**

**Defendant also objects that this request to produce seeks information protected by the self-critical analysis privilege, which "protect[s] from disclosure documents containing candid and potentially damaging self-criticism." *Tice v. Am. Airlines, Inc.*, 192 F.R.D. 270, 272 (N.D. Ill. 2000) (citation omitted). This request to produce also seeks information protected by the deliberative process privilege, which protects "the candid communications between government officials." *Guzman v. City of Chicago*, No. 09 C 7570, 2011 WL 55979, at \*3 (N.D. Ill. Jan. 7, 2011).**

**Defendant also objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. The documents and emails Plaintiff seeks in this request to produce involve the Department of Justice, its visits to the Cook County Jail, the Monitoring Team, any related HSRF analysis, equipment, oral surgery, oral surgeons, and Saturday or evening oral surgery clinics at the Jail. These documents and emails relate in no way to the allegations in the second amended complaint. Furthermore, the number of "hits" in response to each search term, in addition to being protected by the work product privilege and attorney client privilege, has no tendency to make the allegations in the second amended complaint more or less probable. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g.*, *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at \*3–4 (N.D. Ill. Feb. 20, 2018) ("The core**

Exhibit 7 Page 14

requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects that this request to produce all emails between Dr. Alexander and Dr. Porsa responsive to the specified generic search terms, with no limitation to the Division 6 dental clinic or the claims in this case, renders this request to produce overbroad and not sufficiently limited in scope. Dr. Alexander is the Chair of the Department of Oral Health for Cook County Health, and as such, she oversees multiple dental clinics, many of which serve the general public and are located outside the Cook County Jail. In addition, the request for emails from "January 1, 2016 to August 1, 2018" is not sufficiently limited in time because the claims in this case involve Plaintiff's treatment during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.)

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested documents and emails, which involve the Department of Justice, its visits to the Cook County Jail, the Monitoring Team, any related HSRF analysis, equipment, oral surgery, oral surgeons, and Saturday or evening oral surgery clinics at the Jail, have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant documents and emails. In addition, the burden and expense of producing the irrelevant documents and emails outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

10.     From January 1, 2016 to June 1, 2019, emails (and attachments) maintained in

Denise Little's e-mail account (dlittle@cookcountyhhs.org) responsive to the following terms:

        a. "HSRF" and "analysis";

        b. "HSRF" and "log";

        c. "HSRF";

        d. "oral" and "surg";

        e. "DOJ";

        f. "action plan" and "Cermak";

        g. "action plan";

        h. "process improvement" and "Cermak";

Exhibit 7 Page 15

i. "process improvement";

j. "self" and "assessment";

k. "Monitoring Team";

l. "quality of care" and "grievance";

m. "access to care" and "grievance";

n. "manual log";

o. "Monitoring Team";

p. "quality of care" and "grievance";

q. "access to care" and "grievance"; or

r. "manual log"

This request includes the electronic information identifying the number of "hits" in response to

each search term.

**RESPONSE:** Defendant objects that this request to produce seeks information protected by the work product privilege. *See* Fed. R. Civ. P. 26(b)(3)(A). The Department of Justice was involved at the Cook County Jail due to litigation. Documents and emails referencing the Department of Justice, its visits to the Cook County Jail, the Monitoring Team, and any related HSRF analysis were prepared in anticipation of litigation or for trial. Therefore, they are not discoverable pursuant to Rule 26(b)(3)(A).

Defendant also objects that this request to produce seeks information protected by the self-critical analysis privilege, which "protect[s] from disclosure documents containing candid and potentially damaging self-criticism." *Tice v. Am. Airlines, Inc.*, 192 F.R.D. 270, 272 (N.D. Ill. 2000) (citation omitted). This request to produce also seeks information protected by the deliberative process privilege, which protects "the candid communications between government officials." *Guzman v. City of Chicago*, No. 09 C 7570, 2011 WL 55979, at *3 (N.D. Ill. Jan. 7, 2011).

Defendant also objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. The documents and emails Plaintiff seeks in this request to produce involve the Department of Justice, its visits to the Cook County Jail, the Monitoring Team, any related HSRF analysis, oral surgery, and oral surgeons. These documents and emails relate in no way to the allegations in the second amended complaint. Furthermore, the number of "hits" in response to each search term, in addition to being protected by the work product privilege and attorney client privilege, has no tendency to make the allegations in the second amended complaint more or less probable. Therefore, the requested discovery

Exhibit 7 Page 16

has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at \*3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects that this request to produce all emails in Denise Little's email account responsive to the specified generic search terms, with no limitation to the Division 6 dental clinic or the claims in this case, renders this request to produce overbroad and not sufficiently limited in scope. Denise Little is the administrative assistant for Dr. Jorelle Alexander, who is the Chair of the Department of Oral Health for Cook County Health and oversees multiple dental clinics, many of which serve the general public and are located outside the Cook County Jail. In addition, the request for emails from "January 1, 2016 to June 1, 2019" is not sufficiently limited in time because the claims in this case involve Plaintiff's treatment during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested documents and emails, which involve the Department of Justice, its visits to the Cook County Jail, the Monitoring Team, any related HSRF analysis, oral surgery, and oral surgeons, have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant documents and emails. In addition, the burden and expense of producing the irrelevant documents and emails outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

11.    From February 19, 2018 to the present, the records identifying Division 6 detainees prescribed amoxicillin and the "Order Start Date/Time" and "End-state Date/Time" for each prescription. On information and belief, this information is maintained electronically by Cook County.

**RESPONSE:** Defendant objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the

Exhibit 7 Page 17

discovery be relevant to the party's claim. Plaintiff alleges in his second amended complaint that Defendants Cook County and Sheriff Dart violated his constitutional rights by not providing timely dental care. (2nd Am. Compl. ¶¶ 16, 21.) Specifically, Plaintiff alleges he did not receive timely dental care "because there are insufficient dentists to treat the demand and because of the policy to delegate scheduling responsibility to the dental assistant." (*Id.* ¶ 22.) The records Plaintiff seeks in this request to produce involve prescriptions for amoxicillin, which is an antibiotic. However, there are no allegations in the second amended complaint that relate in any way to amoxicillin, antibiotics, or quality of care (as opposed to timeliness of care). Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at *3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects to this request to produce because it seeks the disclosure of protected patient health information in violation of the Health Insurance Portability and Accountability Act (HIPAA). Defendant objects that this request to produce raises serious privacy concerns regarding the disclosure of medical records of individuals who are not a party to this case.

Defendant also objects that this request to produce the specified records from "February 19, 2018 to the present" is overbroad and not sufficiently limited in scope or time because the claims in this case involve Plaintiff's treatment in the Division 6 dental clinic during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The records Plaintiff seeks in this request to produce involve prescriptions for the antibiotic amoxicillin, and as such, they have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant records. In addition, the burden and expense of producing the irrelevant records outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

12.    From February 19, 2018 to the present, data identifying the wait time for a Division

6 patient after he submits a health service request form that caused an "urgent" dental appointment.

Exhibit 7 Page 18

**RESPONSE:** Defendant objects to this request to produce on the basis that the phrases "wait time," "caused," and "'urgent' dental appointment" are vague, ambiguous, confusing, and not clearly defined.

Defendant also objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. Plaintiff alleges in his second amended complaint that Defendants Cook County and Sheriff Dart violated his constitutional rights by not providing timely dental care. (2nd Am. Compl. ¶¶ 16, 21.) Specifically, Plaintiff alleges he did not receive timely dental care "because there are insufficient dentists to treat the demand and because of the policy to delegate scheduling responsibility to the dental assistant." (*Id.* ¶ 22.) The data Plaintiff seeks in this request to produce involves how long other patients waited to see a dentist based on the patients' subjective complaints written in their health service request forms. This data, however, has no tendency to make it more or less probable that the Division 6 dental clinic did not have a dentist or dentists sufficient to treat the demand for truly urgent appointments or that the dental assistants were not qualified to schedule dental appointments. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at *3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects to this request to produce because it seeks the disclosure of protected patient health information in violation of the Health Insurance Portability and Accountability Act (HIPAA). Defendant objects that this request to produce raises serious privacy concerns regarding the disclosure of medical records of individuals who are not a party to this case. Further, Defendant objects that obtaining this data requires reviewing the individual medical and scheduling records of each patient seen in the Division 6 dental clinic, and even then, the medical records and scheduling records would not provide the requested data because there is no way to "link" or associate a health service request form with a particular urgent dental appointment so as to determine whether a particular health service request form "caused" a particular urgent dental appointment.

Defendant also objects that this request to produce the specified data from "February 19, 2018 to the present" is overbroad and not sufficiently limited in scope or time because the claims in this case involve Plaintiff's treatment in the Division 6 dental clinic during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of

Exhibit 7 Page 19

the proposed discovery outweighs its likely benefit." The data Plaintiff seeks in this request to produce, which involves how long other patients waited to see a dentist based on the patients' subjective complaints written in their health service request forms, has no importance in resolving the issues at stake in this case because it is not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant data. In addition, the burden and expense of producing the irrelevant data outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

13.      From February 19, 2018 to the present, documents identifying the patients referred

to the Stroger oral surgery clinic from Division 6.

**RESPONSE:** Defendant objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. Plaintiff alleges in his second amended complaint that Defendants Cook County and Sheriff Dart violated his constitutional rights by not providing timely dental care. (2nd Am. Compl. ¶¶ 16, 21.) Specifically, Plaintiff alleges he did not receive timely dental care by a dentist (not an oral surgeon) at the Cook County Jail "because there are insufficient dentists to treat the demand and because of the policy to delegate scheduling responsibility to the dental assistant." (*Id.* ¶ 22.) The documents Plaintiff seeks in this request to produce involve patients referred to the John H. Stroger, Jr. Hospital of Cook County ("Stroger Hospital") for oral surgery. However, there are no allegations in the second amended complaint that relate in any way to referrals to Stroger Hospital for oral surgery. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at *3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects to this request to produce because it seeks the disclosure of protected patient health information in violation of the Health Insurance Portability and Accountability Act (HIPAA). Defendant objects that this request to produce raises serious privacy concerns regarding the disclosure of medical records of individuals who are not a party to this case.

Defendant also objects that this request to produce the documents of patients treated at the Stroger Hospital oral surgery clinic from "February 19, 2018 to the present" is overbroad and not sufficiently limited in scope or time because the claims in this case involve Plaintiff's treatment in the Division 6 dental clinic (not the Stroger Hospital oral surgery clinic) during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory

Exhibit 7 Page 20

that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The documents Plaintiff seeks in this request to produce involve patients referred to Stroger Hospital for oral surgery, and as such, they have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant documents. In addition, the burden and expense of producing the irrelevant documents outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

14. From February 19, 2018 to the present, data identifying the wait time for a Division 6 patient to be evaluated at the Stroger oral surgery clinic after a dentist enters a referral order for an extraction.

**RESPONSE:** Defendant objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. Plaintiff alleges in his second amended complaint that Defendants Cook County and Sheriff Dart violated his constitutional rights by not providing timely dental care. (2nd Am. Compl. ¶¶ 16, 21.) Specifically, Plaintiff alleges he did not receive timely dental care by a dentist (not an oral surgeon) at the Cook County Jail "because there are insufficient dentists to treat the demand and because of the policy to delegate scheduling responsibility to the dental assistant." (*Id.* ¶ 22.) The data Plaintiff seeks in this request to produce involves patients referred to the John H. Stroger, Jr. Hospital of Cook County ("Stroger Hospital") for oral surgery. However, there are no allegations in the second amended complaint that relate in any way to referrals to Stroger Hospital for oral surgery. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g.*, *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at *3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects to this request to produce because it seeks the disclosure of protected patient health information in violation of the Health Insurance Portability and Accountability Act (HIPAA). Defendant objects that this request to produce raises serious privacy concerns regarding the disclosure of medical records of individuals who are not a party to this case. Defendant also objects that the phrase "wait time" is vague, ambiguous, confusing, and not clearly defined.

Exhibit 7 Page 21

**Defendant also objects that this request to produce the data of patients treated at the Stroger Hospital oral surgery clinic from "February 19, 2018 to the present" is overbroad and not sufficiently limited in scope or time because the claims in this case involve Plaintiff's treatment in the Division 6 dental clinic (not the Stroger Hospital oral surgery clinic) during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").**

**Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The data Plaintiff seeks in this request to produce involves patients referred to Stroger Hospital for oral surgery, and as such, it has no importance in resolving the issues at stake in this case because it is not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant data. In addition, the burden and expense of producing the irrelevant data outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.**

15. From January 1, 2016 to June 1, 2019, all self-assessment reports presented to the

DOJ Monitoring Team by Cermak dental services.

**RESPONSE: Defendant objects that this request to produce seeks information protected by the work product privilege. *See* Fed. R. Civ. P. 26(b)(3)(A). The Department of Justice was involved at the Cook County Jail due to litigation. Reports presented to the Department of Justice Monitoring Team were prepared in anticipation of litigation or for trial. Therefore, they are not discoverable pursuant to Rule 26(b)(3)(A). Defendant also objects that the phrase "self-assessment reports" is vague, ambiguous, confusing, and not clearly defined.**

**Defendant also objects that this request to produce seeks information protected by the self-critical analysis privilege, which "protect[s] from disclosure documents containing candid and potentially damaging self-criticism." *Tice v. Am. Airlines, Inc.*, 192 F.R.D. 270, 272 (N.D. Ill. 2000) (citation omitted). This request to produce also seeks information protected by the deliberative process privilege, which protects "the candid communications between government officials." *Guzman v. City of Chicago*, No. 09 C 7570, 2011 WL 55979, at \*3 (N.D. Ill. Jan. 7, 2011).**

**Defendant also objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. The reports Plaintiff seeks in this request to produce involve the Department of Justice and its visits to the Cook County Jail. These reports relate in no**

Exhibit 7 Page 22

way to the allegations in the second amended complaint. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at \*3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects that this request to produce "all self-assessment reports presented to the DOJ Monitoring Team by Cermak dental services," with no limitation to the Division 6 dental clinic or the claims in this case, renders this request to produce vague, ambiguous, confusing, overbroad, and not sufficiently limited in scope. In addition, the request for reports from "January 1, 2016 to June 1, 2019" is not sufficiently limited in time because the claims in this case involve Plaintiff's treatment during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested reports, which involve the Department of Justice and its visits to the Cook County Jail, have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant reports. In addition, the burden and expense of producing the irrelevant reports outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

16. From January 1, 2016 to the present, all e-mails and attachments found in Sandy Hardesty's e-mail account (shardesty@cookcountyhhs.org) responsive to the following search terms:

      a. "oral" and "xray";

      b. "oral" and "x-ray";

      c. "oral" and "surg";

      d. "dental" and "vacuum";

Exhibit 7 Page 23

e. "dental" and "compress";

f. "dental" and "xray";or

g. "dental" and "x-ray"

This request includes the electronic information identifying the number of "hits" in response to

each search term.

**RESPONSE:** Defendant objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. Plaintiff alleges in his second amended complaint that Defendants Cook County and Sheriff Dart violated his constitutional rights by not providing timely dental care. (2nd Am. Compl. ¶¶ 16, 21.) Specifically, Plaintiff alleges he did not receive timely dental care "because there are insufficient dentists to treat the demand and because of the policy to delegate scheduling responsibility to the dental assistant." (*Id.* ¶ 22.) The documents and emails Plaintiff seeks in this request to produce involve equipment. However, there are no allegations in the second amended complaint that relate in any way to equipment in the dental clinics. Furthermore, the number of "hits" in response to each search term, in addition to being protected by the work product privilege and attorney client privilege, has no tendency to make the allegations in the second amended complaint more or less probable. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at \*3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

Defendant also objects that this request to produce all emails in Sandy Hardesty's email account responsive to the specified generic search terms, with no limitation to the Division 6 dental clinic or the claims in this case, renders this request to produce overbroad and not sufficiently limited in scope. In addition, the request for emails from "January 1, 2016 to the present" is not sufficiently limited in time because the claims in this case involve Plaintiff's treatment during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of

Exhibit 7 Page 24

the proposed discovery outweighs its likely benefit." The requested documents and emails, which involve equipment, have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant documents and emails. In addition, the burden and expense of producing the irrelevant documents and emails outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

17.     Sandy Hardesty wrote an e-mail on October 26, 2018 to Dr. Alexander and several other County employees writing "For your info - Cermak Dental Equipment and Upgrade to Digital X-Ray. This provides for the replacement of the remainder of dental chairs, vacuums, and compressors and also the x-ray units." See County-Harvey 00844. Produce all documents regarding the County Board's approval of these documents along with a status of efforts to procure equipment outlined in this e-mail.

        **RESPONSE:** Defendant objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. Plaintiff alleges in his second amended complaint that Defendants Cook County and Sheriff Dart violated his constitutional rights by not providing timely dental care. (2nd Am. Compl. ¶¶ 16, 21.) Specifically, Plaintiff alleges he did not receive timely dental care "because there are insufficient dentists to treat the demand and because of the policy to delegate scheduling responsibility to the dental assistant." (*Id.* ¶ 22.) The documents Plaintiff seeks in this request to produce involve equipment. However, there are no allegations in the second amended complaint that relate in any way to equipment in the dental clinics. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g., BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at *3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).

        Defendant also objects that this request to produce "all documents regarding the County Board's approval of these documents," with no limitation to the Division 6 dental clinic or the claims in this case, renders this request to produce vague, ambiguous, confusing, overbroad, and not sufficiently limited in scope. In addition, the request for all documents, with no time limitation, renders this request to produce overbroad and not sufficiently limited in time because the claims in this case involve Plaintiff's treatment during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for

its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The documents Plaintiff seeks in this request to produce involve equipment, and as such, they have no importance in resolving the issues at stake in this case because they are not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant documents. In addition, the burden and expense of producing the irrelevant documents outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

18.     Dr. Alexander executed a declaration on December 7, 2020 in *Carr v. Sheriff*, 17-cv-7135 stating "After I personally assessed whether an oral surgeon was needed at the Jail, I concluded that an oral surgeon at the Jail was not necessary because Jail detainees receive appropriate and timely care at Stroger OMFS, which is a hospital-based clinic. Exhibit 1, Alexander Decl. Par. 16. Produce all data considered by Dr. Alexander when formulating this conclusion.

**RESPONSE: Defendant objects that this request to produce exceeds the scope of discovery permitted under Federal Rule of Civil Procedure 26(b)(1), which requires that the discovery be relevant to the party's claim. Plaintiff alleges in his second amended complaint that Defendants Cook County and Sheriff Dart violated his constitutional rights by not providing timely dental care. (2nd Am. Compl. ¶¶ 16, 21.) Specifically, Plaintiff alleges he did not receive timely dental care by a dentist (not an oral surgeon) at the Cook County Jail "because there are insufficient dentists to treat the demand and because of the policy to delegate scheduling responsibility to the dental assistant." (*Id.* ¶ 22.) The data Plaintiff seeks in this request to produce involves the care provided to patients who are referred to John H. Stroger, Jr. Hospital of Cook County ("Stroger Hospital") for oral surgery. However, there are no allegations in the second amended complaint that relate in any way to referrals to Stroger Hospital for oral surgery. Therefore, the requested discovery has no relevancy to the claims in this case, and as such, this discovery request exceeds the scope of discovery permitted under Rule 26(b)(1). *See, e.g.*, *BankDirect Capital Fin., LLC v. Capital Premium Fin., Inc.*, No. 15 C 10340, 2018 WL 946396, at \*3–4 (N.D. Ill. Feb. 20, 2018) ("The core requirement of any discovery request is that the information be relevant. . . . While the federal discovery rules have an expansive reach, they are not without limits, and relevancy is perhaps the most important of those constraints." (internal citations omitted)).**

Exhibit 7 Page 26

Defendant also objects that this request to produce "all data considered by Dr. Alexander when formulating this conclusion," with no limitation to the Division 6 dental clinic or the claims in this case, renders this request to produce vague, ambiguous, confusing, overbroad, and not sufficiently limited in scope. In addition, the request for all documents, with no time limitation, renders this request to produce overbroad and not sufficiently limited in time because the claims in this case involve Plaintiff's treatment during the time from November 1, 2018, to January 10, 2019. (2nd Am. Compl. ¶¶ 7–15.) Events taking place after Plaintiff received treatment on January 10, 2019, are not relevant to Plaintiff's *Monell* claim. *See Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994) ("[S]ubsequent conduct usually cannot be used to establish municipal liability. . . . Holding a municipality liable for its official policies or custom and usage is predicated on the theory that it knew or should have known about the alleged unconstitutional conduct on the day of the incident.").

Defendant further objects that this request to produce exceeds the scope of discovery permitted under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The data Plaintiff seeks in this request to produce involves the care provided to patients who are referred to Stroger Hospital for oral surgery, and as such, it has no importance in resolving the issues at stake in this case because it is not relevant to any of the claims alleged in the second amended complaint. The amount in controversy in this case also does not justify producing the irrelevant data. In addition, the burden and expense of producing the irrelevant data outweighs any perceived benefit by Plaintiff. For these reasons, the requested discovery is not proportional to the needs of this case.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

Dated: March 18, 2021

/s/ *Samuel D. Branum*
Special Assistant State's Attorney

Brian P. Gainer (gainerb@jbltd.com)
Monica Burkoth (burkothm@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372-0770

Exhibit 7 Page 27

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on **March 18, 2021**, the foregoing document was served upon Plaintiff via electronic mail to the below named individuals:

Patrick William Morrissey
Thomas Gerald Morrissey
Thomas G. Morrissey, Ltd.
10150 South Western Ave.
Suite Rear
Chicago, IL 60643
(773) 233-7900
Email: patrickmorrissey1920@gmail.com
Email: tgmorrisseylaw@gmail.com

                            */s/ Samuel D. Branum*
                            Special Assistant State's Attorney

Exhibit 7 Page 28